Chasewood Leasing v. First Interstate 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-158-CV

     CHASEWOOD LEASING CORPORATION,
                                                                                              Appellant
     v.

     FIRST INTERSTATE BANK OF TEXAS, N.A.,
                                                                                              Appellee
 

From the 61st District Court
Harris County, Texas
Trial Court # 91-56531
                                                                                                    

O P I N I O N
                                                                                                    

      Chasewood Leasing Corporation appeals a take-nothing judgment in a suit to compel
arbitration.


 The trial court denied the request for arbitration and entered findings of facts and
conclusions of law. Chasewood Leasing contends that the court erred in denying the request for
arbitration and in adjudicating the merits of the case.
      On July 16, 1984, Two Chasewood Building Venture executed a Deed of Trust securing its
obligations under a promissory note in the principal sum of $12,420,000. Two Chasewood
subsequently defaulted on the note, and First Interstate gave notice of foreclosure under the Deed
of Trust. On September 30 Two Chasewood executed three leases to Chasewood Leasing for
office space in the building subject to the Deed of Trust. First Interstate, however, was not a party
to the Chasewood leases. On October 1 First Interstate purchased the building at a foreclosure
sale. On November 5 Chasewood Leasing filed its Original Petition with the district court seeking
arbitration of "disputes involving certain Master Office Building Leases ("the Leases") which
contain binding arbitration clauses." According to the Original Petition, Chasewood Leasing
desired to arbitrate the issues of (1) the applicability of the arbitration provisions, and (2) any right
to forcible entry and detainer.
      On November 14 First Interstate filed its Petition for Forcible Detainer against Chasewood
Leasing and Two Chasewood with a Harris County Justice of the Peace Court. Chasewood
Leasing and Two Chasewood filed a Plea to the Jurisdiction, alleging that First Interstate was
subject to the arbitration clauses in the Chasewood leases, and a Plea in Abatement, requesting that
the forcible detainer suit in the justice court be abated until the arbitration suit in the district court
was resolved. The justice court granted First Interstate's forcible detainer, thus determining that
First Interstate was not subject to the Chasewood leases and granting possession to First Interstate. 
      Chasewood Leasing and Two Chasewood then appealed the judgment of the justice court for
a de novo review in a Harris County Court at Law. First Interstate filed a Motion For Summary
Judgment, asserting that the leases were either terminated automatically upon foreclosure or that
the leases were terminated by First Interstate's right to do so under the Deed of Trust. First
Interstate argued that, because as a matter of law the leases were of no effect, it was entitled to
possession. On January 14, 1992, the county court at law granted a summary judgment for
forcible detainer against Chasewood Leasing and Two Chasewood.
      Chasewood Leasing and Two Chasewood appealed the county court's judgment to the
Fourteenth Court of Appeals. On April 30 the Fourteenth Court of Appeals granted First
Interstate's motion to dismiss the appeal.


 The Texas Supreme Court denied application for writ
of error on September 9.


 First Interstate now argues that, because the real issue between the
parties in the forcible detainer suit was whether First Interstate's right of possession was subject
to the Chasewood leases, relitigation of the validity of the leases and the application of the
arbitration clauses was barred by the doctrine of collateral estoppel. We disagree. 
      The forcible detainer suit determined only the immediate right of possession.


 This suit is not
a suit seeking the immediate right to possession. Instead, it is a suit to compel arbitration to
determine the validity and effect of the Chasewood leases on First Interstate. We hold that the
county court at law judgment is not conclusive of the matters and issues in the case now on appeal
from the district court.


 First Interstate's motion to dismiss is, therefore, denied.
      In point one Chasewood Leasing complains of the trial court's failure to timely file findings
of fact and conclusions of law. Chasewood Leasing timely filed a Request for Findings of Fact
and Conclusions of Law pursuant to Rule 296 of the Texas Rules of Civil Procedure.


 Although
Chasewood also filed a Notice of Past Due Findings of Fact and Conclusions of Law, the trial
court did not timely file findings and conclusions by April 6, 1992.


 Nevertheless, counsel for
First Interstate subsequently obtained findings and conclusions, which were signed by the trial
court on April 21 and filed with this court in a supplemental transcript. Chasewood Leasing has
not suggested how it has been prejudiced by the late filing of the findings and conclusions. 
Indeed, it had ample time to prepare its argument and authorities on appeal before its brief was
filed on August 17. Consequently, we overrule point of error one.



      In points two and three Chasewood Leasing contends that the court erred in failing to compel
arbitration and in adjudicating the merits of the dispute. The trial court made the following
findings of fact and conclusions of law:
FINDINGS OF FACT
 
1.The Bank never explicitly ratified the lease agreements.
2.The Bank did no act, with knowledge of the Leases between Two Chasewood
Building Venture and Chasewood Leasing Corporation, to impliedly ratify the Leases.
3.The Bank did not intend to ratify the Leases.
4.The Bank repudiated the Leases.
5.The Bank terminated the day-to-day tenancy of Chasewood Leasing Corporation.
 
CONCLUSIONS OF LAW
 
6.The Leases were automatically terminated when the Deed of Trust from Two
Chasewood Building Venture to the Bank was foreclosed upon.
7.The Bank is not bound by the terms of the Leases.
8.The Bank is not bound by the arbitration provisions of the Leases.
9.Upon foreclosure, Chasewood Leasing Corporation became a tenant of the Bank,
from day to day, pursuant to Paragraph 12 of the Deed of Trust.
10.Pursuant to Paragraph 12 of the Deed of Trust, the Bank had a right to
immediately terminate the day-to-day tenancy of Chasewood Leasing Corporation.

      When findings of fact are filed they occupy the same position and are entitled to the same
weight as the verdict of a jury.


 Because Chasewood Leasing has not challenged the trial court's
findings of fact by points of error in its brief relating to the sufficiency of the evidence, they are
binding on this court.



      Where a lease is executed after a mortgage, a sale under foreclosure gives the right to the
purchaser to either terminate the lease or continue it in force with the tenant's consent, but does
not of necessity terminate the lease.


 Paragraph 12 of the Deed of Trust provides:
OCCUPANCY AFTER FORECLOSURE. In the event there is a foreclosure sale
hereunder and at the time of such sale Grantors or Grantors' representatives, successors
or assigns or any other persons claiming any interest in the Mortgaged Premises by,
through or under Grantors are occupying or using the Mortgaged Premises or any part
thereof, each and all shall, at the option of the Noteholder or the purchaser at such sale,
as the case may be, immediately become the tenant of the purchaser at such sale, which
tenancy shall be a tenancy from day-to-day, terminable at the will of either landlord or
tenant, at a reasonable rental per day based upon the value of the Mortgage Premises
occupied, such rental to be due daily to purchaser. In the event the tenant fails to
surrender possession of said property upon the exercise of such option, the purchaser
shall be entitled to institute and maintain an action for forcible entry and detainer of said
property in the Justice of the Peace Court in the Justice Precinct in which the Mortgaged
Premises, or any part thereof, is situated.

      The evidence reflects that on October 28, 1991, First Interstate gave Chasewood Leasing
notice that the leases had terminated and demanded possession of the leased premises. Because
First Interstate exercised its option to terminate the Chasewood leases, it was not subject to the
arbitration clauses. Therefore, we overrule points of error two and three.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed December 16, 1992
Do not publish